RUTLAND,
February,
1828.

TOWN OF SHREWSBURY, Appellees *vs.* TOWN OF MOUNT HOLLEY, Appallants.

A *warning* signed by the select-men of a town, as such, notifying a person to depart said town, to prevent his gaining a legal settlement therein, is valid, though the name of the town be not annexed to the signatures of the select-men who signed the warning.

When the statute prescribes the form of a precept, it must be *substantially* pursued. But where there is an omission to insert words, contemplated by a blank in the form prescribed, in the order and place contemplated, if the matter intended by them appears with sufficient certainty from other parts of the instrument, the purpose of the statute is answered, and the omission may be treated as a mere formal and unessential defect.

RUTLAND,
*February,*
1828.

Shrewsbury
*vs.*
Mount Holley.

The only question in this case was whether a certain pauper had his legal settlement in *Mount Holley* or in *Shrewsbury*. It was admitted to have been in *Mount Holly* if a certain warning, served on him in *Shrewsbury*, was legal and sufficient. The warning was in proper form, and regularly signed by the select-men of *Shrewsbury*; but the word " select-men," only, was annexed to their signatures, the words " of *Shrewsbury*," which seem to have been required by the form prescribed by statute, being omitted.

The county court decided that the warning was sufficient. The counsel for *Mount Holley* excepted to the decision, and the cause was removed to this Court on a motion for a new trial.

PRENTISS J. delivered the opinion of the Court.—The warning, upon the validity of which the question in this case arises, is conceded to be regular and formal in all respects but one. It is signed by *John Kilbourn* and others, with the word " *selectmen*" annexed to their names, but without adding the words *of Shrewsbury*. It is insisted, that the form prescribed by the statute requires the addition of the latter words, and, that for the want of them, the warning is defective and void. The form given by the statute must undoubtedly be pursued in every essential particular; but it is not every verbal variance, either in the omission or addition of words, that will vitiate. If there be nothing in substance wanting, it is well enough, though there is some literal variation from the form prescribed, either in introducing words which are unnecessary and immaterial, or omitting words, which if inserted, would not alter or change the sense. And where there is an omission to insert words, contemplated by a blank in the form prescribed, in the order and place contemplated, if the matter intended by them appears with sufficient certainty from other parts of the instrument, the purpose of the statute is answered, and the omission may be treated as a mere formal and unessential defect. To hold otherwise, would be to adopt an exactness, in regard to matters of mere form, unnecessarily critical and nice. There is no doubt, that it must appear in this case, from the warning itself, that it was signed and issued by the persons whose names are subscribed to it, as selectmen of *Shrewsbury* ; and if it does not so appear upon the face of the warning, it is insufficient and void.— The warning is directed to the constable of *Shrewsbury* : it commands him to summon the persons therein named, who are described as residing in *Shrewsbury*, to depart the town of *Shrewsbury* ; and it concludes with the words, "Given under our hands at *Shrewsbury*," &c., followed with the names of individuals, subscribing themselves selectmen. Although the words " *of Shrewsbury*,"

<div style="float:left">

RUTLAND;
*February,*
1828.

——————

Shrewsbury
*vs.*
Mount Holley.

</div>

are not added, the warning, without them, must necessarily be intended to be the official act of the selectmen of *Shrewsbury.—* There is the same certainty in this respect, upon the face of the warning, as if the words were added ; and the omission, therefore, must be regarded as merely verbal and immaterial.

<div style="text-align:right">Judgment affirmed.</div>

      *Bates,* for appellants.
      *Williams,* for appellees.